ANDREW K JACOBSON (CSBN: 148583)
andy@bayoaklaw.com
**BAY OAK LAW**
1939 Harrison St Suite 929
Oakland, CA 94612
Telephone: (510) 208-5500

Attorney for Plaintiff
Timeless Production FZ LLC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMELESS PRODUCTION FZ LLC., A UNITED ARAB EMIRATES LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SANO MEDIA VIETNAM JOINT STOCK COMPANY, NGUYEN VAN TRUNG, AND DOES 1-10, INCLUSIVE,<br><br>Defendants. | Case No.: 3:25-CV-01673-MMC<br><br>**PLAINTIFF TIMELESS PRODUCTION FZ LLC'S CMC STATEMENT AND [PROPOSED] ORDER** |

Plaintiff TIMELESS PRODUCTION FZ LLC ("TIMELESS") submits this CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

Plaintiff alleges that this Court has jurisdiction over the subject matter of their claims pursuant to the Copyright Act, 17 U.S.C. § 101 et seq., and Cal. Bus, & Prof. Code §§ 17200 et seq. Further, this Court has federal-question jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1338(a) and (b) and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Timeless's state law claims because the claims are so related to the federal

claims that they form part of the same case or controversy.  Finally, this Court has personal jurisdiction over Defendants because Defendants consented to the jurisdiction of this Court and judicial district in their Digital Millenium Copyright Act ("DMCA") counter notices submitted to YouTube under 17 U.S.C. § 512 (g), engaged in the infringing conduct alleged herein within the State of California and this District, caused harm to Timeless within the State of California, expect or reasonably should expect their infringing conduct to have consequences in the State of California. Venue in this District is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that Defendants have published, promoted, and disseminated the Infringing Videos in this judicial district and derived revenue from viewers in this District.

Timeless originally filed this case believing that Defendants had only one channel, Tony 98, that was infringing Timeless's copyrights. Timeless then learned that Defendants had a second channel, Chu Fazenda, that also published videos infringing Timeless's registered copyrights. Timeless amended the Complaint to include the second channel. Timeless is in the process of observing the Hague Convention on service and has translated the First Amended Complaint and related service documents into Vietnamese, as required by Vietnam's accession to the Hague Convention. However, the logistics of obtaining local agents and effectuating proper service, Timeless projects that Defendants will be served within an additional ninety (90) days.

2. **Facts**

Timeless is a producer, editor, and publisher of audiovisual works that include films, documentaries, videos, and clips, covering informational, educational, and entertaining topics and content. Timeless' audiovisual works are original works, and

Timeless owns the copyrights on those works. Timeless' audiovisual and visual works are original works, copyrights of which are owned by Timeless ("Copyrighted Works").

As of April 2025, Timeless's Tekniq Channel has more than 780,000 subscribers and more than 790 videos. Each Tekniq video receives thousands to millions of views from around the world. To date, Tekniq's most popular video has had over twenty-five (25) million views. Copyrighted Works exclusively owned by Timeless and featured on Timeless' Tekniq Channel include "Inside Gigantic Airbus Landing Gear Manufacturing Assembly Line" (US Copyright Reg No. VA 2-386-332) and "Genius Truck Inventions That Are on Another Level" (US Copyright Reg No. VA 2-386-331) (collectively, "Registered Works").

Tekniq is a monetized YouTube channel wherein Timeless receives a portion of YouTube's advertising revenue that is directly proportional to the number of views for each of its videos. Timeless relies on monetary income received from its videos, including the Copyrighted Works, to afford operational costs, create new videos, and pay its employees.

Plaintiff brought this action because Defendants have infringed Timeless's copyrights by copying, publicly displaying, reproducing, and distributing the Copyrighted Works and/or incorporating them in derivative works ("Infringing Videos").

Defendants knowingly, and with the intent to carry out and conceal their infringement, establish a false sense of legitimacy in the eyes of viewers, and confuse and/or mislead viewers as to the creator and source of the Copyrighted Works, removed and/or altered Copyright Management Information ("CMI") from the Copyrighted

Works in copying, publicly displaying, reproducing, and distributing the Copyrighted Works and/or incorporating them in derivative works.

Defendants also knowingly, and with the intent to carry out and conceal their infringement, establish a false sense of legitimacy in the eyes of viewers, and confuse and/or mislead viewers as to the creator and source of the Copyrighted Works, provided falsified CMI in in copying, publicly displaying, reproducing, and distributing the Copyrighted Works and/or incorporating them in derivative works as well as to YouTube during course of DMCA notice practice initiated by Timeless.

Timeless is informed and believes, and on that basis alleges, that Defendants own and operate the YouTube channels Tony 98 and Che Fazenda, among others. Defendants are also eligible for and take advantage of monetization under YPP through their channels.

Timeless is informed and believes, and on that basis alleges, that Defendants copied, downloaded, or otherwise obtained the Copyrighted Works from the Timeless Channels without seeking or receiving permission or authorization Timeless. Thereafter, Defendants reproduced, made derivative works out of, and distributed the Copyrighted Works on their channels, thereby creating the Unauthorized Works. In doing so, Defendants falsified, altered, and/or removed Timeless's CMI, proprietary watermarks, and metadata.

Upon discovering the Unauthorized Works, Timeless prepared and transmitted DMCA notices to YouTube and Defendants notifying YouTube and Defendants of Defendants' conduct constituting infringement of Timeless's copyrights in the Copyrighted Works. Based on the DMCA notices, the Unauthorized Works were temporarily removed from Defendant's channels YouTube and could no longer viewed

**CMC STATEMENT BY PLAINTIFF AND [PROPOSED] ORDER** - 4

by subscribers of the channels or YouTube visitors. However, in response to the DMCA notices, Defendants submitted fraudulent counter notices falsely alleging that the Unauthorized Works originated from and are exclusively owned by Defendants. As a result, Timeless was left with no choice but to pursue the claims herein against Defendants in order to prevent the Unauthorized Works from being reinstated on YouTube as required by the DMCA and YouTube policy.

**3.    Legal Issues**

This is an action for copyright infringement; vicarious and/or contributory copyright infringement; falsification of copyright management information; removal and/or alteration of copyright management information; unfair competition and misrepresentation of DMCA Counter Notices; all arising out of or relating to Defendants' alleged intentional and unlawful copying of videos in connection with Defendants' various businesses.

**4.    Motions**

Timeless will be filing a motion to subpoena records from Google, which runs the AdSense accounts that pay channels generating income from YouTube, like Defendants. Timeless reserves the right to seek preliminary injunctive relief should circumstances warrant it. Timeless reserves the right to file discovery motions or summary judgment motions as appropriate.

**5.    Amendment of Pleadings**

While Timeless does not currently anticipate any further amendments to the pleadings, plaintiff reserves the right to seek further amendment.

**6.    Evidence Preservation**

Timeless certifies that it has reviewed the Guidelines Relating to the Discovery of

Electronically Stored Information ("ESI Guidelines"), and will meet and confer with Defendants pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

Plaintiff believes that it is complying in good faith with its obligations to preserve potentially relevant documents and evidence, including electronically stored information ("ESI"). The plaintiff will meet and confer with Defendants in an effort to reach an agreement further delineating the procedures to be used in producing ESI.

7. **Disclosures**

The Parties have not yet had their Rule 26(f) conference in this matter.

8. **Discovery**

No discovery has been taken to date. Plaintiff does not believe that limitations or modifications of the discovery rules are necessary. If this matter is not settled, the plaintiff will consider entering into a stipulated e-discovery order and a protective order.

9. **Class Actions**

Not applicable.

10. **Related Cases**

Not applicable.

11. **Relief**

Plaintiff seeks the following relief:

A For an award of damages pursuant to 17 U.S.C. §§ 504(b), 512(f) and other applicable law, including actual damages and Defendants' profits as will be proven at trial, or in the alternative, statutory damages pursuant to 17 U.S.C. § 504(c);

B. For additional damages as proven at trial;

C. For attorneys' fees and costs incurred in this action pursuant to 17 U.S.C. §§ 505 and 512(f), and other applicable law;

D. For preliminary and permanent injunctive relief to prevent Defendants from further direct, vicarious, and/or contributory infringement of the Registered Works, falsifying, removing, and/or altering CMI, submitting false DMCA counter notices, and acts of unfair competition, including ordering the removal of and/or prevention of access to the Infringing Videos uploaded to YouTube preliminarily during the pendency of this action and permanently thereafter;

E. Award restitution against Defendants and in favor of Timeless, including disgorgement of wrongfully obtained profits and any other appropriate relief;

F. For an award of prejudgment and postjudgment interest and costs of suit; and

G. For such other relief as this Court deems just and proper.

12. **Settlement and ADR**

There have been no settlement discussions between the parties as Defendants have not yet been served with the First Amended Complaint and Summons. Plaintiff is cautiously optimistic that a settlement will likely be achieved after service of the First Amended Complaint on Defendants. If settlement is not achieved, plaintiff will seek a referral to a judicial settlement conference, or a Court-appointed mediator, to facilitate settlement.

13. **Other References**

Timeless does not believe there is a need for a special master and does not believe referral of this action to binding arbitration, or the Judicial Panel on Multidistrict Litigation, is indicated or appropriate.

14. **Narrowing of Issues**

Timeless is not currently aware of any agreements that could narrow the issues. The plaintiff reserves the right to seek to narrow the issues.

**15. Expedited Trial Procedure**

Timeless does not believe this case would be appropriate for handling under the Expedited Trial Procedure.

**16. Scheduling**

Because Defendants have not yet been served, Timeless believes that it is premature to schedule deadlines.

**17. Trial**

Timeless requests a trial by jury of all issues so triable and believes that the estimated length of trial will be **3 (three)** days.

**18. Disclosure of Non-party Interested Entities or Persons**

There are no non-party interested entities or persons related to this litigation.

**19. Professional Conduct**

Plaintiff's attorneys have reviewed and are familiar with the applicable Rules of Professional Conduct and other guidelines.

**20. Other**

Timeless is currently unaware of other matters that may facilitate the just, speedy, and inexpensive resolution of this action.

Dated: Thursday, January 15, 2026    **BAY OAK LAW**

By: __/S/_____
ANDREW K. JACOBSON
Counsel for Timeless Production FZ LLC

**CMC STATEMENT BY PLAINTIFF AND [PROPOSED] ORDER - 8**

## CASE MANAGEMENT ORDER

The above CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

[In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

                                             UNITED STATES JUDGE
                                             HONORABLE MAXINE M. CHESNEY